FILED
04 OCT 29 PM 3:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHERRY DIANE HERNANDEZ, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV-03-S-1869-NE
)
WAL-MART STORES EAST, LP )
)
Defendant. )

ENTERED
OCT 29 2004

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment (doc. no. 24). A submission order was entered on October 12, 2004, directing plaintiff to respond to the motion in accordance with the instructions in the Initial Order Governing All Further Proceedings (doc. no. 10) by October 28, 2004. Rather than filing a brief and evidentiary submission opposing defendant's motion, plaintiff submitted a letter dated October 19, 2004, which reads as follows:

> Dear Your Honor,
>
> I Sherry Diane Hernandez oppose the plaintiffs [sic] motion for summary judgment filed on Oct. 12, 2004. Asking your Honor that my case be heard in your courtroom.
>
> Sincerely,
> Sherry Diane Hernandez[1]

---

[1]Doc. no. 28.



Accordingly, the court finds that plaintiff has not filed a substantive response to defendant's motion for summary judgment. The court notes that plaintiff was given notice of the dates by which she should submit any materials in opposition to the motion. *See* doc. no. 26 (Submission order entered on October 12, 2004). Therefore, it cannot be seriously contended that plaintiff was unaware of her burden under Federal Rule of Civil Procedure 56. Specifically, that burden requires that, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, plaintiff, as the adverse party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (holding that summary judgment will be granted "after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the

existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'" *Comer v. City of Palm Bay*, 256 F.3d 1186, 1192 (11th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (in turn quoting Rule 56(c)) (some quotation marks omitted). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-moving party did not adduce evidence in support of claim, and, failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

In accordance with the Eleventh Circuit's decision in *United States v. One Piece of Real Property,* 363 F.3d 1099 (11th Cir. 2004), the court has reviewed defendant's motion for summary judgment, brief, and evidentiary submission, and concludes that there is no genuine issue of material fact. Defendant's brief in support of the motion for summary judgment will be adopted as the opinion of the court.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 29th day of October, 2004.

United States District Judge